## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TARIQ KHWAJA,                                )
                                            )
        Plaintiff,                    )
                                            )
-vs-                                         )    Case No. 24-cv-1849
                                            )
PARAMOUNT BANK, a Missouri                   )    JURY DEMANDED
Corporation, and CRAIG GOETZ, individually,  )
                                            )
        Defendants.                   )

## COMPLAINT

Plaintiff, Tariq Khwaja ("Khwaja"), by his undersigned counsel, complains of defendants, Paramount Bank, a Missouri Corporation ("Paramount"), and Craig Goetz ("Goetz"), individually, as follows:

## JURISDICTION AND VENUE

1.    Khwaja presents claims for retaliation and unlawful termination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq.* ("Whistleblower Act"); and Illinois common-law prohibiting retaliatory discharge. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1367.

2.    Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as defendants do business in the Northern District of Illinois, and the acts complained of occurred within this judicial district.

## PARTIES

3.    Khwaja is an adult male of Indian/South Asian national origin and ethnicity who was employed by Paramount as its Senior Vice President of Mortgage Lending- Chicago Area from or about January of 2022 until his abrupt termination on January 4, 2024.

4.     Khwaja is highly experienced in the mortgage lending industry where he has been gainfully employed for over 20 years and was recruited by Paramount in December of 2021 - where he became one of its top producers before being abruptly terminated.

5.     Paramount is a Missouri Corporation with its headquarters located in Hazelwood, Missouri, and provides various personal banking and mortgage lending services to members of the general public, including in the Chicago-metropolitan area and elsewhere.

6.     Goetz is an adult male resident of Minnesota who at all relevant times was Paramount's President - Mortgage Division with full supervisory authority and control over Khwaja and who retaliated against and terminated Khwaja - or at whose behest Khwaja was terminated.

## COUNT I
### (DISCRIMINATION AND RETALIATION BY PARAMOUNT AND GOETZ IN VIOLATION OF 42 U.S.C. § 1981)

1.     Khwaja adopts paragraphs 1 - 6 above as paragraph 1 of Count I.

2.     At all relevant times during Khwaja's employment at Paramount, he was subjected to, observed, and objected to various instances of racial discrimination and racial profiling – both in connection with Paramount's internal employment practices, as well as its unlawful mortgage lending practices that adversely affect the rights of African Americans and other mixed-race minorities to fairly apply for and/or secure home mortgages as required by governing laws.

3.     Paramount, at Goetz' behest or direction, also unlawfully terminated Khwaja, and numerous African American and/or non-Caucasian employees, including Alex Carter (African African), Monica Cervantez (Hispanic), and others based on their race and ethnicity, *i.e.* non-Caucasian.

4.     Furthermore, Khwaja and his lending team was the *only* team subject to a discriminatory, predatory pricing model including unfair and higher priced mortgages for their significant (80 percent) minority client base, and Goetz also unfairly denied Khwaja compensation (*i.e.*

commission draw request) to which he was entitled - while at least one Caucasian co-worker was paid a commission draw by Goetz at the same time.

5.     Under Goetz' leadership, virtually all new mortgage hires during Khwaja's tenure (*i.e.* dozens) were Caucasian, and as are Messrs. Walker and Kane - neither of whom were terminated - and who were treated more favorably than Khwaja because of their race, and despite Khwaja having vastly more mortgage lending industry knowledge, experience, and loan production.

6.     Khwaja objected and complained directly to Goetz, and other members of Paramount's upper management, including Brandon Sandefur (prior National Sales Manager), Cameron Mott (National Sales Manager), and Andrea Ward (Chief Operations Officer) about Goetz' unlawful and racially discriminatory conduct, racially derogatory comments, and his biased perception and treatment of Khwaja and other minorities, as well as Khwaja's close associations and friendships with African American and mixed - race employees and clientele.

7.     The effect of Paramount's racially discriminatory employment (and lending) practices and directives - which affected Khwaja and other racial minorities, and about Khwaja complained and objected – deprived him, African American employees, and other mixed-race employees of the equal opportunity to enjoy, make and enforce contracts, and otherwise adversely affected them because of their race and/or ethnicity in violation of Section 1981.

8.     Section 1981 also prohibits retaliation and other adverse job actions against Khwaja for, *inter alia,* opposing, reporting, or protesting said racially discriminatory conduct.

9.     At all relevant times, Khwaja was unlawfully retaliated against, denied compensation, and terminated from his employment because of his objections, complaints, and protests about said racially discriminatory employment and business practices, policies and directives, and/or for refusing to follow racially discriminatory lending directives adversely affecting non-Caucasians.

10.     As a direct and proximate result of Goetz' and Paramount's discrimination, retaliation and termination of Khwaja's employment, he has lost and will continue to lose significant compensation and commission incomes, valuable company ownership/equity and other benefits of employment, has suffered emotional distress and anxiety about his ability to support himself, career loss/future earning capacity, as well as humiliation, embarrassment, disruption of his personal life and loss of enjoyment of the pleasures of everyday life.

11.     The aforesaid misconduct by Paramount and Goetz was willful, wanton and/or in reckless disregard for Khwaja's federally protected rights and warrants the imposition of punitive damages against each of them.

### <u>Relief Sought</u>

**WHEREFORE,** plaintiff, Tariq Khwaja**,** prays that this Court grant him the following relief against defendants Paramount Bank and Craig Goetz, jointly and severally:

A.     An award of lost back pay and future earnings, lost commissions, lost equity/stock units, and reimbursement for other employment related losses, in an amount to be shown at trial, plus interest so as to render him whole from the unlawful discrimination, retaliation and termination.

B.     An award of compensatory damages for emotional pain, humiliation, and anxiety, as well as damages for career loss/lost earning capacity, in an amount to be shown at trial.

C.     An award of punitive damages in an amount to be determined at trial for defendants' willful, wanton or reckless misconduct.

D.     An award of his legal fees, litigation costs, expert witness fees, and any additional relief warranted in this action.

## COUNT II
### (RETALIATION IN VIOLATION OF WHISTLEBLOWER ACT)

1.     Khwaja adopts and realleges paragraph 1 of Count I, above, as paragraph 1 of Count II.

2.     At all relevant times, Section 20 of the Whistleblower Act provided, *inter alia*, that "(a)n employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a state or federal law, rule or regulation…"

3.     At all relevant times, Khwaja not only objected, but refused to participate in, and follow certain unlawful directives from defendants, which violated one or more state or federal laws, rules or regulations - including those governing Paramount's mortgage lending practices, *e.g.*:

    A.  The Truth in Lending Act ("Reg. Z");

    B.  The Equal Credit Opportunity Act, 12 CFR 1002, *et seq.* ("Reg. B");

    C.  The Real Estate Settlement Procedures Act ("Reg. X") and various other governing Dodd-Frank Act provisions;

    D.  The Fair Housing Act, 42 U.S.C. § 3617; and/or

    E.  One or more other federal or state laws, rules or regulations governing Paramount's banking and lending operations and practices.[1]

**Specific Regulation Z Violations**

4.     Specifically, commencing in or about the summer of 2022, Khwaja and other team members grew increasingly concerned about Paramount's ongoing failure, or outright refusal, to comply with federally required mortgage lending practices and protocol mandated by the aforementioned federal laws and regulations, as well as the Consumer Financial Protection Bureau ("CFPB").

---

[1] In or about October of 2023, Paramount was fined by the Federal Deposit Insurance Corporation ("FDIC") in connection with claims that the bank was operating in violation of various federal banking and financial laws, including the Home Mortgage Disclosure Act, 12 U.S.C. § 2804 ("HMDA").

5.     Said violations included, but were not limited to, canceling active loan applications and then creating new loan applications to avoid Reg. Z tolerance cures as prohibited by TRID – thereby effectively defrauding not only its customers, but also the underlying investors and the CFPB. Khwaja is informed and believes that many mortgage loans at Paramount were tainted by this practice resulting in *customers* unlawfully incurring unnecessary closing costs that were Paramount's responsibility due to tolerance cures.

6.     Paramount, including but not limited to its Head of Closing, Jennifer Laske ("Laske"), and its Processing Manager, Sam Khairallah ("Khairallah"), also specifically instructed plaintiff, as well as his team's loan officers and loan officer assistants, to do new applications in instances of tolerance cures. The settlement service providers list produced with loan applications and their choosing of using Old Republic Title as their service provider directly impacted their fee structures, consistently created TRID violations, yet Paramount never rectified these errors to the financial detriment of its customers.

7.     In addition to complaining and objecting to Paramount's upper management, Khwaja (and various other team members) attempted to rectify these issues; flatly rejected and refused to comply with unlawful directives from Goetz, Laske and Khairallah, and Khwaja instructed his team to act lawfully and comply with Reg. Z.

## Specific Regulation B Violations

8.     On various occasions - including in his e-mail of December 27, 2023 - and in violation of Reg. B, Goetz instructed Khwaja and his team to unlawfully pre-screen and disparage mortgage loan applicants for credit worthiness **before** any such application had been submitted to Paramount.

9.     Khwaja is also informed and believes that Goetz considered and utilized unlawful racial profiling regarding (potential) African American, mixed race, and other minority customers seeking mortgage loans and to dissuade them from applying or otherwise interfere with their rights in connection with loan application processes.

10.    Khwaja not only complained and refused to follow the aforesaid illegal requests, but expressly directed his team members *not* to follow Goetz's instructions in this regard and permit applicants to apply legally and without question.

11.    As a direct and proximate result of Khwaja's refusal to follow or participate in one or more unlawful acts, requests or directives, as alleged above, he was retaliated against and terminated from his employment and has lost, and will continue to lose, significant compensation and other benefits of employment, has suffered emotional distress, and anxiety about his ability to support himself, significant career loss/lost future earning capacity damage, as well as suffering humiliation, anxiety, embarrassment, disruption of his personal life and loss of enjoyment of the pleasures of everyday life.

12.    All of the aforesaid acts of retaliation against Khwaja violated the Whistleblower Act.

## **Relief Sought**

**WHEREFORE,** plaintiff, Tariq Khwaja, prays that this Court grant him the following relief against defendant Paramount Bank:

A.    Reinstatement to his former position with the same seniority status that he would have had, but for the subject violations of the Illinois Whistleblower Act or, alternatively, for an appropriate award of lost front pay.

B.    An award of his lost back pay and benefits, the value of his lost equity/stock units, and reimbursement for other employment related losses since his termination, plus interest, so as to render him whole from the unlawful termination.

C.    An award of compensatory damages for emotional stress, humiliation and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.

D.    An award of his litigation costs, expert witness fees, reasonable attorney's fees, and any other relief as authorized by 740 ILCS 174.

## COUNT III
### (RETALIATORY DISCHARGE IN VIOLATION OF ILLINOIS COMMON LAW)

1.     Khwaja adopts and realleges paragraphs 1 - 9 of Count I, and paragraphs 1- 10 of Count II above, as paragraph 1 of Count III.

2.     At all times relevant, Illinois public policy clearly mandated protection to Illinois citizens of all races, ethnicities, and people of color so as to ensure full, equal and lawful access to home loans, mortgages and similar financial and banking products and services, as well as to protect Illinois employees from discrimination in the workplace because of race, ethnicity, national origin, or color.

3.     Notwithstanding these clearly mandated Illinois public policies, including as set forth in the Illinois Human Rights Act and various Illinois laws and regulations governing Paramount's Illinois banking and mortgage lending practices, it willfully and wantonly discharged Khwaja from his employment in retaliation for his aforesaid complaints, objections and/or refusal to participate in its unlawful conduct and directives.

4.     As a direct and proximate result of said willful and wanton misconduct by Paramount, Khwaja is entitled to recover his lost earnings and benefits, as well as compensatory and punitive damages in an amount to be determined at trial.

### Relief Sought

**WHEREFORE,** plaintiff, Tariq Khwaja, prays that this Court grant him the following relief against defendant Paramount Bank:

    A.     Reinstatement to his former position with the same seniority status that he would have had, but for the subject violations of Illinois law or, alternatively, for an appropriate award of lost front pay.

    B.     An award of his lost back pay and benefits, the value of his lost equity/stock units, and reimbursement for other employment related losses since his termination, plus interest, so as to render him whole from the unlawful termination.

C.    An award for punitive damages, as well as compensatory damages for emotional stress, humiliation and anxiety, and for career loss/lost earning capacity, all in amounts to be shown at trial.

D.    An award of his litigation costs, expert witness fees, reasonable attorney's fees, and any other relief as authorized by law.

**PLAINTIFF REQUESTS A JURY TRIAL**

Dated this 5th day of March, 2024.

**Respectfully submitted, Tariq Khwaja**

By: FOX & FOX, S.C.

*s/Randall B. Gold* (IL Bar. 6190918)
Randall B. Gold
Michael R. Fox
FOX & FOX, S.C.
111 East Wacker Drive
Suite 2300
Chicago, IL 60601
608-258-9588
rgoldlaw@aol.com
mfox@foxquick.com